UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-96-JBC

MARK EDWARD KEARNEY,                                                              PLAINTIFF,

V.                **MEMORANDUM OPINION AND ORDER**

VARUN SHARMA and
JPC EQUESTRIAN, INC.,                                             DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss or, in the alternative, to transfer the action to Pennsylvania. R. 13. For the reasons below, the court will grant the motion to dismiss for claims against Varun Sharma and will grant the motion to transfer under 28 U.S.C. § 1404.

Mark Kearney served as a sales representative for JPC Equestrian, Inc.[1] The two parties entered into a Sales Representation Agreement, which lists JPC as a Pennsylvania corporation and gives Kearney's address as Kentucky. The Agreement also includes a forum selection clause designating Luzerne County, Pennsylvania, as the chosen venue for litigating any potential contract disputes. Under the Agreement, Kearney was responsible for implementing a marketing program to sell JPC

---

[1] Because there has not been an evidentiary hearing on the substance of these motions, the court must consider the facts "derive[d] from the pleadings and affidavits, taken in the light most favorable to Plaintiff, and without considering Defendants' version of any disputed facts." *Papa John's Int'l, Inc. v. Entm't Mktg. & Commc'ns Int'l, Ltd.*, 381 F. Supp. 2d 638, 639 (W.D. Ky. 2005) (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir. 1998)).

1

products and for making a certain amount of sales, for which he was paid a portion of the total net payable invoices.

Defendants moved to dismiss for lack of personal jurisdiction or to transfer this cause of action to Pennsylvania. Because a court cannot transfer venue unless it has personal jurisdiction over the parties to the case, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993), the court will first address the defendants' personal jurisdiction argument.

I.  **Jurisdiction**

This court has personal jurisdiction under Kentucky's long-arm statute over JPC but not over Sharma. "When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). This court must apply Kentucky's long-arm statute to determine personal jurisdiction. "Because Kentucky has construed its long-arm statute to extend as far as the Due Process Clause," the court need only make a single inquiry. *Id.* (citing *Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky.1992)). While JPC is a Pennsylvania corporation, its contacts in Kentucky include significant sales and hiring Kearney as a sales representative specifically to increase sales in Kentucky. In April 2008, monthly sales in Kentucky for JPC were $16,471. These commercial contacts are sufficient for this court to assert personal jurisdiction over JPC based on Kentucky's long-arm statute. *See Michigan National Bank v. Quality Dinette, Inc.*, 888 F.2d 462 (6th Cir. 1989). Kearney offers no facts, however, which would indicate Sharma had any

individual commercial contacts with Kentucky.

Even without such contacts, this court could assert personal jurisdiction over Sharma if he were merely an alter ego of JPC. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (it is appropriate for courts to exercise personal jurisdiction over an individual that would not otherwise be subject to jurisdiction in that court when the individual or corporation is an alter ego of another company that is subject to jurisdiction in the forum state). Kearney has not shown, however, that "there is (1) 'such a unity of ownership and interest' that the separate personalities of the corporation and its owner cease to exist," *Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F.Supp.2d 841, 847 (W.D.Ky. 2007) (quoting *White v. Winchester Land Development Corp.*, 584 S.W.2d 56, 61–62 (Ky.App.1979)), and although he has attempted to show that "(2) 'the facts are such that an adherence to the normal attributes ... of separate corporate existence would sanction a fraud or promote injustice,'" *Id.*, he has not stated any facts which indicate that Sharma actively participated in any such fraud or was aware of its existence and did nothing about it. *Com. ex rel. Beshear v. ABAC Pest Control, Inc.*, 621 S.W.2d 705, 708 (Ky.App. 1981). Thus this court will dismiss the claims against Sharma for lack of personal jurisdiction.

**II.    Venue**

This court will transfer this action under 28 U.S.C. § 1404(a) because, while venue is proper under 28 U.S.C. § 1391(a), the Agreement between the parties includes a valid forum selection clause. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d

531, 537 (6th Cir.2002). Absent a strong showing, forum selection clauses should be upheld and Kearney has not argued that the forum selection clause is invalid. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced."). The action cannot be dismissed under FRCP 12(b)(3) and 28 U.S.C. § 1406(a) because venue is proper. *See Wong,* 589 F.3d at 830 (citing *Kerobo,* 285 F.3d at 535); 28 U.S.C. § 1406(a). Therefore, this court will transfer this action to the United States Court for the Middle District of Pennsylvania, where Luzerne County, Pennsylvania, lies. Accordingly,

**IT IS ORDERED** that the motion to dismiss or, in the alternative, transfer (R. 13) is **GRANTED**. All claims against defendant Sharma are **DISMISSED**. All claims against JPC are **TRANSFERRED** to the United States Court for the Middle District of Pennsylvania.

Signed on August 1, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY